All right we're ready to hear arguments in the first case Beidell and others versus the United States. May it please the court, James Thorburn on behalf of the appellants, we would like to reserve several minutes for rebuttal when it comes time. The Supreme Court has noted many times that the burden of proof and standard of review are often determinative of the outcome of the case. Thus is imperative that the standard of review and burdens of proof this court uses are correct here. We're concerned that if the standards of review and burdens of proof are conflated that we might lose our due process right to a hearing. This court in both standing atembo and high-desk relief confirmed that in someone's proceedings where there's a motion for enforcement and affidavit submitted summary judgment standards apply. Also noted Powell note 18 says that the rules of civil procedure apply specifically complaint answer and hearing but Powell never provided a burden of proof burden of proof excuse me. So we're under summary judgment in this proceeding. What does that mean? In this circuit it means that the moving party must prove their right to summary judgment beyond a reasonable doubt. Where as where the party bears the burden of proof that means each and every element must be proven beyond a reasonable doubt. In this particular case what we have is that there were petitions of caution filed with motions for enforcement under Powell if the government is the one that bears the burden of proof and it has to prove all the Powell standards. So while we are at summary judgment right now it is not some slight burden it is beyond a reasonable doubt as to all elements. They might wish to speak that well balanced financial management talks about slight burdens and heavy burdens but first balanced financial management was not a summary judgment case. Secondly we really don't have slight burdens and heavy burdens as burdens of proof. Our burdens of proof are typically preponderance clear and convincing and beyond a reasonable doubt. What I believe that balanced financial management was speaking to when talking about slight burdens and heavy burdens is the practical matter of the difficulty of proof. For example a non-summons proceeding a person goes in and tries to is preponderance of the evidence. Now in this in this case the court you're saying applied the wrong standard treated it as a motion to dismiss and not a motion for summary judgment. Yes they treated it as a motion to dismiss. Well we're not even sure completely what they did but they did not treat it as summary judgment. Does it matter? How does it matter? How does it matter? First off is how are the substitute for trial? My point is excuse me counsel my point is when we look at what the district court did in this case it's ruling. Did it not even though under the label of a motion to dismiss walk through the Powell factors? It walked through the Powell factors but under the law of wrong standards. These were remember under summary judgment. It's proof beyond a reasonable doubt of all the elements. All inferences are in favor of the non-moving party. So what it looks like happened in this case and what we believe happened in Standing and Kimball too when when they were analyzing it is that they conflated the balanced financial management and gave the inferences in favor of the government and they gave government a slight burden another where I took it is that they were saying all the government has to do is show a scintilla of evidence they're not proof beyond a reasonable doubt with all inferences against the counsel yes I'm sorry to interrupt I I would like for you if you would to compare this affidavit in this case to the affidavit in a standing akimbo which which was pretty much for all intents and purposes identical as far as I can see and in akimbo the panel held that that that applying the summary judgment standard that that that very same affidavit was sufficient to meet the Powell factors and in particular the factor that you challenge here how does this case differ okay first as I go through I'm going to go through the affidavit of David Huell the one that's appendix volume to page 58 so so we're on the same page and looking at it from the standpoint beyond a reasonable doubt all inferences against the moving party if you look at paragraph 13 today green solution entities have not provided enough information to substantiate the figures on shown on their tax returns that's conclusory there is nothing no facts underneath it substantiating that statement counsel I'm familiar with the affidavit and I have it here and I my question to you was it's the same affidavit for all intents and purposes it's identical to the one in standing akimbo that we approved applying the Powell factors and the summary judgment standard so can you distinguish it for me in light of akimbo again it is look we don't we don't have a choice about that well you have to apply summary judgment correct and I'm asking what's distinct about this this case okay first off in in this it talks about the records from the state of Colorado marijuana enforcement division it does not talk about any of the reports at all it had it just said that MED information would be helpful to us it's just a counsel we addressed that factor as well that's another argument that you make and we address that issue as well in akimbo and said it doesn't have to identify the reports and if the reports are not available or don't exist they're not produced so we resolve that okay also are my reading of standing akimbo as far as the whether the documents exist I don't think that judge Phillips actually ruled well I was on panel as well and it's the court just just okay okay I was just I've been specific opinion it's a published opinion presidential from this court I understand from last year and the the court did not specifically state that the burden to prove the non-existence of the documents is on the taxpayer the court said that the taxpayer is challenging whether the documents exist the next sentence is but the tax but the taxpayers have to prove their affirmative defenses they never made the the court never made the link that a the existence of the documents is an affirmative defense and I should note and if this court is going to construe standing akimbo is saying there's a holding that the existence of the documents is affirmative defense rather than an element of the burden of the government we're creating a split in the circuits here because if you if you want to go down the road of summary judgment could you help us with identifying an issue of material fact that is in dispute one of the material facts is in dispute is that is whether or not the documents that are being requested are in existence that is a big out because we are certain that they are not and I a state of Colorado official that they would confirm that these documents were not in existence on the date of the summons if if you notice on mr. Huell's summonses he talks about annual in inventory report a copy of annual inventory report showing annual totals of product purchase grown process sold and waste destroyed from it from the metric database for periods listed above this does not sound all inferences in favor of the non-moving party this does not sound like a pre-existing report well back to that well I guess on that same point is it an issue of disputed issue of material fact if one party asked for a report and the other party says we don't have such a report just asking for a report doesn't mean that such a thing exists so isn't a simple answer I'm sorry we don't have such a report okay the United States be rude United States be Greenfield as as we put in there says that this burden is on the government to the statute when you ask for something you have to prove that such a thing exists before you can ask for it yes and also the broad sweep of attacks summons is that the law as you usually read it or see it applied that's what I understand and in fact understand under IRC 7603 a it says that you that the reasonable certainty so it's not only court it's statutory and with that I'd like to reserve the rest of my time for rebuttal let me ask you a question for a moment before certainly or you reserve and that goes just along the lines of what we're talking about so to get a document you have to describe it with reasonable certainty I have no problem with that proposition but I mean how there's no way for the government to know if the state has these reports without asking for it I mean are they supposed to do some type of informal investigation to make sure they exist before they send a sentence well if we look at USB greenwood they go through those issues there the it starts turning into a fishing expedition if you start if you say well I want to get all the information that you may have on on this taxpayer there's no particularity at that point this is what this starts getting into the Fourth Amendment issues this is Paxton's case that they you have to describe what you are summonsing the fact that they don't know that it exists is that a legitimate purpose to ask for exists and again it has to be described with reasonable certainty a bank statement there's reasonable certainty that a bank statement again exists if they know that the person is banking at that at that place and that's one of the things that the agents always put in their affidavits they back there they're going to have bank statements we want the bank statements there's reasonable certainty what we have here is we don't know what these reports are and we it's just a guess whether they exist with that I'll reserve the remainder of my time may it please the court the thing in public representing the United States in this appeal our position your honors is that these cases are essentially carbon copies of the standing akimbo case and the arguments made here are the very same arguments that were made in the standing akimbo case and this court in a very thorough and careful opinion in which it describes in detail each of the arguments in in the best light and and dealt with them and rejected them the standing akimbo is for that reason dispositive on all the merits issues except for the one jurisdictional issue which we believe is a straightforward issue the the the summary judgment point is one that I would like to address briefly and the key thing I think to understand is that this court has now repeatedly in balanced financial management in high desert relief and in standing akimbo outlined what I would describe as six key principles that to quash IRS summonses and those six key principles are number one that the proceedings are to be summary in nature and that means the only thing at issue is whether the summons is issued in good faith number two that the burden on the government to establish the power power factors is slight number three specifically that the government meets that burden as a general matter through an affidavit of the IRS agent who issued the summons number four that the taxpayers have a heavy burden they must either factually refute the Powell showing factually support affirmative defenses and that conclusory allegations are not going to to meet the burden number five that an evidentiary hearing is granted only if this heavy burden is met and otherwise that is in the normal case the district court should dispose of the proceedings on the papers before it and finally number six discovery is available only in extraordinary situations and would require a substantial preliminary showing by the taxpayer that's what this court has said in those three cases a lot of that is repeating what the Supreme Court said in u.s. versus Clark u.s. versus Stewart and it also is consistent with what other courts of appeals have said in in in every circuit those six principles are are the principles that that govern and so saying that the summary judgment standard applies doesn't clearly in in in standing akimbo and can't mean that those six principles are eroded or absolutely not in fact in Clark the court noted without any hint of censure I mean that the issue was the the focus of Clark was not here but the Clark noted that yes the government normally you uses a affidavit of the IRS agent issuing the summons to meet the Powell burden and in fact Clark overturned the mere allegation of improper motive by the government was sufficient to get to an evidentiary hearing so I think Clark is fully consistent with balanced financial management and and I you know I I would note that I think it's important it certainly we I understand that that standing akimbo governs here and is is finding authority and and we think standing akimbo is a great opinion but I do think it's important that when we talk about the summary judgment standard we talk about it in a way that makes clear that is obviously we can see that the hook that now the taxpayers want to rely on is well the summary judgment standard applies and so that means something different about you know how these six principles play out and that can't be right and I think standing akimbo is already clear on that but I think well well it doesn't surely if the difference between a motion to dismiss and a motion for summary judgment are great as far as what the parties have to show before the district court I mean that's I don't think we can just glide over that and say gosh it just doesn't matter we have cases that say it doesn't matter we've reversed cases where the court has used the wrong approach I yeah that's certainly true as a general matter the only thing I would say is if you look at the other cases in in other circuits for example where these same six guiding principles are set out about how you deal with these some summons proceedings I think you will commonly see that the court oftentimes just doesn't even address the question of whether it should be motion to dismiss or whether it should be motion for summary judgment procedure is is somewhat of an empty vessel simply because as standing akimbo recognized the substantive law framework that governs is determinative and and here the substantive law framework largely determines in maybe even entirely determines the procedural rules that that's enough and we don't have to look at how the court what burdens the court placed on each party as it walked through those factors I think that that the burdens are determined by this this courts you know case law on these summons enforcement proceedings that is the burden on the government to show the affidavit that was was made here and as judge Moritz pointed out that is substantially similar to the affidavit that was made in this in the standing akimbo case and so that's the those are the are the burdens that apply in this in this context and so yes I think it's true as I think this standing akimbo case sort of illustrates that in this context it's it's mainly nomenclature that that the question of whether the the the court converts the the motion to dismiss and to be clear the government will not file motions to dismiss within this circuit going forward we get the message from standing akimbo but the question of whether the the court converts the motion to dismiss to a is is sort of a formality because the the essence of the of the courts determination is going to be let's look at the affidavit and let's go through the power factors and see if they're met let's look at at the allegations that are you know made by the the taxpayer and and see if they actually amount to a factual dispute of of these factors or if the the taxpayer has you know actually made affirmative defenses that's all I understand what you're saying and I recall the same discussion from the akimbo case about the nomenclature versus you know what what we actually do in reviewing the Powell factors do you and I understand what you're saying I sense that you disagree with some aspects of akimbo but but do you think that we actually applied the statutory but the substantive framework that you were just discussing in the various steps do you think that we applied that correctly in akimbo absolutely and to be clear I don't think that we disagree with standing akimbo I think our only I think we would just I just offer that I wouldn't want courts just lower courts to be confused going forward and I will say I'm just for the courts information you know we've obviously at the Justice Department discussed sort of how to deal with these motions which are fairly routine in in the lower courts and and what we are doing particularly in this circuit but I think more generally is to title our motion simply a motion to summarily deny the petition and to enforce the summons in other words we don't really think that we think that the the framework that pop-up that Powell sets out is sufficient and and it doesn't the question of motion dismissive summary judgment is is really maybe a distraction and a potentially confusion confusing one and I would just for the court's information and again I'm not trying the standing akimbo is binding and we're very happy with standing akimbo but if you if the court wanted to look at it one other case that's that's on point it's the Sugarloaf funding case out of the First Circuit that's 584 f third 340 and in that case is that cited in your brief I believe so yes yeah it is I know so in that case the court actually said as long as the especially if the government is making a motion to enforce which to be clear is a statutory right that the government has in the context of these kinds of petitions to quash then it doesn't actually need to to make a to move to dismiss and I think by extension would the same would be true with respect to a motion for summary judgment so I just offer that as a frame of reference but but to be clear I think that standing akimbo does a perfect job of reviewing the substance of the just what the district court did which is substantially similar to the substance of what the district court did in these consolidated cases so in this so in this case when you use the verbiage of dismiss that's surplus age we're not supposed to take you at your word and you're pleading well no I mean our practice up until so until standing akimbo I don't think it was clear in this circuit respectfully that that it was improper to use a motion to dismiss high desert dealt with a case where the government and it's not a novel concept when you're relying on a document that's outside of a complaint or a summons that the case is automatically a summary judgment case because the court is looking beyond something then the bare pleadings I understand that your honor I I think what the way we thought about it prior to standing akimbo is this this is kind of like a case where I like a document is issued like the the the you know or the a petitioner comes forward in their complaint and and refers to a the defendant can then you know talk about the deed or you know filing you know file with the court a copy of the deed in his answer to the motion to dismiss and that doesn't convert it to a summary judgment motion I understand that standing akimbo stands for the proposition that courts should convert motions to dismiss for in this circumstance to summary judgment motions and that's and going forward that we're making efforts to try to account for that holding and we certainly won't file our motions as motion to dismiss going forward but I just that that was that was the thinking prior to this courts clarification of that point in in the standing akimbo opinion but I think the standing as a matter of substance the standing akimbo opinion is it is does exactly the the kind of review of the district courts determinations and and marches through here exactly the same arguments and I would just know parenthetically I mean I think back in in the summer of 2019 in the standing akimbo case mr. Thornburn made a motion to stay at the proceedings to in order to you know asking this court to eventually consolidate standing akimbo with these five cases and and the court denied it which I think but you know based on the fact that well the court didn't talk about why I denied it my supposition is that denied it based on the fact that standing akimbo had already been largely briefed and so the efficiency gains weren't really gonna didn't make sense to consolidate but this this case is is that is essentially the very same case if the court doesn't have any any further questions we're happy to rest on the briefs and we respectfully request this court to affirm thank you I hope I hope opposing counsel is out there somewhere I am here come back I'm back how made emphatically clear the taxpayer has a right to a hearing what this proceeding is doing summary judgment by its nature discusses whether the right to hearing is taken away because there are no facts in dispute and the moving party is entitled to judgment as a matter of law our right to hearing is a due process right so this is what we're talking about are we taking away the due process right to hearing because there's no facts in dispute and the moving parties entitled to judgment as a matter of law so counsel you say that no facts are in dispute what I mean what's the universe of facts the government's affidavits the universe of facts is the government's affidavits we have counter affidavits that have been supplied to the court in all cases there are a lot of documents that are that our state website pages that that were presented to the court state website pages are usually considered competent evidence nothing in that has been submitted would be considered inadmissible hearsay for should say that there has been no objections on hearsay grounds to anything that's been submitted there is a whole host of evidence that needs to be considered to decide whether or not there are no facts in dispute but quickly they mentioned the deed council mentioned that a deed comes in but a deed is not testimony there the ability to cross-examine and without any other questions looks like my time has ended thank you very much thank you counsel thank you both for your arguments this morning the case is submitted